**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| WILLIE ALBERT WITHERSPOON,   ) | |
| ) | No. 2:06-cr-00976-DCN |
| Petitioner,   ) | No. 2:11-cv-70016-DCN |
| ) | |
| vs.   ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Respondent.   ) | |
| _____) | |

      This matter is before the court on petitioner Willie Albert Witherspoon's motion to vacate, set aside, or correct his federal sentence brought under 28 U.S.C. § 2255. Respondent filed a motion to dismiss or, in the alternative, for summary judgment. For the reasons set forth below, the court denies the relief requested under § 2255 and grants respondent's motion to dismiss.

## I. BACKGROUND

      On September 13, 2006, a grand jury indicted Witherspoon on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). Witherspoon pled guilty on December 27, 2006. The presentence report stated that Witherspoon had a criminal history that included at least three prior convictions of violent felonies, all of which were burglaries in the second degree. This court sentenced Witherspoon to a term of imprisonment of 180 months on June 22, 2006.

      Witherspoon filed a notice of appeal on July 25, 2007. The United States Court of Appeals for the Fourth Circuit issued an opinion affirming this court on December 18, 2007. The mandate was issued on January 9, 2008.

1

On January 27, 2011, Witherspoon filed this motion to vacate, set aside, or correct his federal sentence pursuant to § 2255. The motion was held in abeyance from July 8, 2011 until March 26, 2012 at the government's request. On June 24, 2013, the government filed a motion to dismiss or, in the alternative, for summary judgment. Witherspoon responded on November 25, 2013. The matter is now ripe for the court's review.

## II.   STANDARDS

Witherspoon brings his petition under 28 U.S.C. § 2255, which provides in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). On a motion to vacate, set aside, or correct a federal sentence, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). The Antiterrorism and Effective Death Penalty Act of 1996 amended § 2255 by imposing a one-year statute of limitations for the filing of petitions under that section. See 28 U.S.C. § 2255(f).

## III.   DISCUSSION

Witherspoon seeks relief under § 2255 based on the Sixth Circuit's decision in United States v. McFalls, 592 F.3d 707 (6th Cir. 2010). In McFalls, the Sixth Circuit held that the South Carolina crime of burglary in the second degree of a dwelling is categorically not a violent felony. Witherspoon argues that under the reasoning of

2

McFalls, he does not meet the requirement of having three convictions that trigger the mandatory minimum of fifteen years imprisonment under § 924(e). The government asserts that the motion to vacate should be dismissed as untimely because it was not brought within one year of the latest of the four triggering dates enumerated in § 2255(f).

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).

"[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003). Defendants have ninety days after the entry of judgment by the court of appeals to seek certiorari from the Supreme Court. Sup. Ct. R. 13. At the end of this period, the judgment becomes final.

The Fourth Circuit issued its judgment on December 18, 2007. United States v. Witherspoon, 257 Fed. App'x 691 (4th Cir. 2007). Because he did not file a petition for certiorari with the Supreme Court, Witherspoon's conviction became final ninety days

later on March 17, 2008.  Thus, the one-year period of limitations to file a motion pursuant to § 2255 expired on March 17, 2009.  Witherspoon filed the current motion on January 27, 2011.  Therefore, Witherspoon's motion is untimely under § 2255(f)(1) by nearly two years.

Witherspoon's time to file his motion is not extended by either § 2255(f)(2) or (f)(3).  Because he does not allege that the government wrongly prevented him from earlier filing his motion to vacate, § 2255(f)(2) is not implicated.  Additionally, Witherspoon does not rely on Supreme Court recognition of a new right, and therefore § 2255(f)(3) is not implicated.

Witherspoon argues that his motion is timely under § 2255(f)(4) because McFalls put him on notice of facts supporting his claim for actual innocence.  He argues that he became aware that the legal landscape was changing to recognize that his prior convictions were not crimes of violence under the § 924(e).  However, "a legal decision is not a 'new fact' for purposes of § 2255(f)(4)."  Blakney v. United States, No. 4:11-cv-70024, 2011 WL 1113468, at *3 (D.S.C. Mar. 24, 2011) (citing United States v. Freeman, 2009 WL 2241336, at *3 (W.D. Va. July 27, 2009)) (quotation marks and brackets omitted).  Stated another way, "[t]he limitation provided for in § 2255(f)(4) goes to newly discovered facts or evidence, not . . . a change in the law."  United States v. Anderson, No. 3:05-cr-00179, 2010 WL 4721135, at *1 (D.S.C. Nov. 15, 2010); see Madaio v. United States, 397 Fed. App'x 568, 570 (11th Cir. 2010) (per curiam) ("Since Section 2255(f)(4) is predicated on the date that '<u>facts</u> supporting the claim' could have been discovered, the discovery of a new court legal opinion . . . does not trigger the limitations period." (emphasis in original)).

4

Therefore, Witherspoon has failed to bring his motion within the time limitations prescribed by § 2255. Additionally, he has failed to establish any other basis for construing his motion as timely filed. Accordingly, Witherspoon's motion to vacate is dismissed as time-barred.

## IV.   CONCLUSION

Based on the foregoing, the court **DENIES** petitioner's habeas petition brought under 28 U.S.C. § 2255 and **GRANTS** respondent's motion for summary judgment.

Additionally, the court **DENIES** a certificate of appealability because petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).

**AND IT IS SO ORDERED**.

---

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 17, 2013**
**Charleston, South Carolina**

5